UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 15 2010
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

Clemestine Carter,

Plaintiff,

v.

United States District and Bankruptcy Court for the District of Columbia,

Defendant.

Civil Action No. 10 1000

**MEMORANDUM OPINION**

This matter comes before the Court on consideration of plaintiff's pro se complaint and application to proceed in forma pauperis. The Court will grant the application, and dismiss the complaint with leave to reopen the case within 30 days by filing a motion to amend the complaint, accompanied by the proposed amended complaint.

The Court appreciates that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks to obtain. Fed. R. Civ. P. 8(a). Rule 8's requirements are designed to provide fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer and an adequate defense, and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498



(D.D.C. 1977). In addition, the complaint must provide sufficient information to allow a court to determine that it has jurisdiction over the case.

The complaint states that the plaintiff "was an original registered claimant in an insurance settlement class[,]" whose "claim was timely filed . . . but somehow . . . was lost[] [t]hrough no fault of [plaintiff's]." Compl. at 1. Having reviewed plaintiff's complaint, the Court surmises that the plaintiff means to appeal from an adverse decision of a bankruptcy court, but without more information, this Court cannot determine which bankruptcy court's decision is the basis for the appeal, or whether this Court has jurisdiction of such a matter. The complaint mentions "Admiral insurance," *id.*, but a check of the cases filed in the Bankruptcy Court in this district shows no case in which Admiral Insurance is a party. As drafted, the complaint fails to comply with the requirements of Rule 8(a). Accordingly, the Court will dismiss the complaint with leave to file a motion to amend the complaint within 30 days.

An order consistent with this memorandum opinion is issued separately on this same date.

United States District Judge

DATE: June 4, 2010